IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORINNE PEARSON, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 19-CV-693-BK |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE CO., | § | |
|     DEFENDANT. | § | |

## MEMORANDUM OPINION

The parties' consented to proceed before the undersigned United States magistrate judge. Doc. 14. Now before the Court is Defendant's *Motion for Summary Judgment.* Doc. 24. For detailed here, the motion is **GRANTED**.

## I. PROCEDURAL HISTORY

In February 2019, Plaintiff filed a petition in state court alleging that after a storm damaged her home, Defendant improperly denied and/or underpaid the claim she filed under her homeowner's insurance policy (the "Policy"). Doc. 2-1 at 17. Plaintiff brought causes of action for (1) breach of contract; (2) violation of the Texas Prompt Payment of Claims Act ("the TPPCA"); and (3) various acts of bad faith under the Texas Insurance Code ("the Code"). Doc. 2-1 at 18-19. Defendant removed the case to this Court based on diversity jurisdiction and obtained an abatement pending an appraisal of the damage to Plaintiff's property. Doc. 2 at 2-3; Doc. 10. In June 2019, the parties notified the Court that the appraisal had been completed. Doc. 13. Accordingly, the case was reopened, and Defendant subsequently filed the instant summary judgment motion.[1] Doc. 13; Doc. 24.

---

[1] Plaintiff's motion to strike Defendant's motion for summary judgment, Doc. 29, was denied previously. Doc. 40.

## II. APPLICABLE LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . ., the material may be presented in a form that would not, in itself, be admissible at trial." *Patel v. Texas Tech Univ.*, 941 F.3d 743, 746 (5th Cir. 2019) (citation omitted) (alterations in original).

Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotes omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (citation omitted). The court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Id.*

## III. FACTS IN EVIDENCE

Defendant has submitted documents in support of its motion that demonstrate the following: The Policy has been in effect since July 2017.[2] Doc. 26 at 10-11. In February 2018, Plaintiff

---

[2] The Court notes that Plaintiff objects to Defendant's submission of the Policy into evidence, arguing that it is both impermissible hearsay and unauthenticated. Doc. 30 at 10-11, 13-14. As previously stated, at this stage of the proceedings, evidence need not be presented in a form that would be

submitted a claim for damage to her home from a weather event that occurred the previous month. Doc. 26 at 78 (Affid. of L. Susman); Doc. 26 at 129-34 (Notice of Loss snapshot). Following Defendant's inspection, which resulted in a repair estimate lower than the Policy's deductible, Plaintiff filed suit. Doc. 2-1 at 16-21; Doc. 26 at 78 (Affid. of L. Susman); Doc. 26 at 112-27 (Claim History Report); Doc. 26 at 136-43 (Estimate).

In March 2019, Defendant invoked appraisal pursuant to the terms of the Policy and the parties cross-designated appraisers. Doc. 26 at 78 (Affid. of L. Susman); Doc. 26 at 149, 151 (Counsels' emails). On May 29, 2019, Defendant received the appraisers' award (the "Award") setting the amount of loss at $24,188.63, based on replacement costs. Doc. 26 at 78 (Affid. of L. Susman); Doc. 26 at 153 (the Award). Pursuant to the terms of the Policy, Defendant was required to pay the Award within five business days of notifying Plaintiff that it would do so. Doc. 26 at 44. On June 3, 2019, Defendant emailed Plaintiff's counsel advising that Defendant had issued a check pursuant to the Award, less depreciation and the amount of Plaintiff's deductible, and the check was being forwarded to Plaintiff's counsel by Defendant's claim representative. Doc. 26 at 78 (Affid. of L. Susman); Doc. 26 at 147 (L. Chastain email). Defendant's counsel issued the check payable to Plaintiff and Plaintiff's counsel on June 4, 2019 for the net amount of the Award. Doc. 26 at 78 (Affid. of L. Susman); Doc. 26 at 145 (Check #121764209).

On August 21, 2019, Defendant issued Plaintiff a second check in the amount of $1,945.71 to cover any additional interest Plaintiff could allege she was owed on the Award. Doc. 26 at 78 (Affid. of L. Susman); Doc. 26 at 160 (Check #558566974). Courier tracking data reflects that Plaintiff's counsel received the check on August 22, 2019. Doc. 26 at 78 (Affid. of L. Susman); Doc. 26 at 158-59 (FedEx proof of delivery).

---

admissible at trial if it is *capable* of being presented in admissible form at that time. *Patel*, 941 F.3d at 746.

3

## IV. ARGUMENTS AND ANALYSIS

### A. Breach of Contract and Bad Faith Claims

Defendant asserts that, per the appraisal provision in the Policy, the parties agreed that the appraisal process would set the amount of all potentially recoverable policy benefits and, under Texas law, its payment of the Award estops Plaintiff from maintaining a breach of contract claim. Doc. 25 at 9-12. Defendant contends that Plaintiff's bad faith claims are barred because it paid her all benefits due under the Policy, and she has not alleged that she suffered any injury independent of the Policy claims-handling process. Doc. 25 at 12-16.

Plaintiff responds that Defendant has only produced evidence that it issued a check to her which it intended to pay, but has produced no evidence demonstrating when the check was actually tendered to her or that she received and accepted the payment; thus, Defendant cannot establish an entitlement to estoppel. Doc. 30 at 14-15. Plaintiff acknowledges, however, that if her breach of contract claim is barred by estoppel, her bad faith claims fail as well. Doc. 30 at 15-16.

In reply, Defendant contends that the issuance of the Award is sufficient evidence that it paid the Award, and it need not prove that Plaintiff "accepted" the Award when she does not even dispute that she received it. Doc. 33 at 3-6.

Appraisals function as contractual mechanisms to determine the amount of damages owed under an insurance policy when the parties have reached an impasse. *Ortiz v. State Farm Lloyds*, ––– S.W.3d ––––, No. 17-1048, 2019 WL 2710032, at *4 (Tex. June 28, 2019). Such awards "are binding and enforceable, and every reasonable presumption will be indulged to sustain an appraisal award." *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004). "The effect of an appraisal provision is to estop one party from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court." *TMM Invs., Ltd. v. Ohio Cas. Ins. Co.*, 730 F.3d 466, 472 (5th Cir. 2013) (citation omitted). Even an

insured's rejection of the payment does not prevent estoppel. *Nat'l Sec. Fire & Cas. Co. v. Hurst*, 523 S.W.3d 840, 845 (Tex. App.—Houston [14th Dist.] 2017).

Plaintiff's attempt to avoid estoppel by pointing to the lack of proof that the Award was tendered to and accepted by her is unsupported by Texas law. In an analogous case, an insured contended that the insurer could not prove that it had timely paid the appraisal award or that the insured had accepted it. *Devonshire Real Estate & Asset Mgmt., LP. v. Am. Ins. Co.*, 3:12-CV-2199-B, 2014 WL 4796967, at *18-19 (N.D. Tex. Sept. 26, 2014) (Boyle, J.). The Court rejected this argument, explaining that (1) proof that the insurer issued payment of the appraisal award was sufficient evidence that the insurer had paid the award; (2) because the check was issued on the fifth business day after the appraisal award, the payment was timely; and (3) because there was a binding and enforceable appraisal award which the insurer timely paid, estoppel applied regardless of whether the insured actually accepted the payment. *Id.* at *17-19. Defendant cites other cases with similar holdings that the Court finds equally persuasive for the reasons stated therein. *Braden v. Allstate Vehicle and Prop. Ins. Co.*, No. 4:18-CV-00592-O, 2019 WL 201942 (N.D. Tex. Jan. 15, 2019) (O'Connor, J.); *Gonzales v. Allstate Vehicle and Prop. Ins. Co.*, No. 6:18-CV-26, 2019 WL 699137 (S.D. Tex. February 19, 2019) (appeal pending).

The undisputed evidence in this case demonstrates that on May 29, 2019, Defendant received notice of the Award in the amount of $24,188.63. Doc. 26 at 78 (Affid. of L. Susman); Doc. 26 at 153 (Award). On June 3, 2019, Defendant emailed Plaintiff's counsel to advise that Defendant had issued a check pursuant to the Award, less depreciation and the amount of Plaintiff's deductible, and that the check was being forwarded to Plaintiff's counsel. Doc. 26 at 78 (Affid. of L. Susman); Doc. 26 at 147 (L. Chastain Email). Defense counsel issued the check payable to Plaintiff and Plaintiff's counsel on June 4, 2019—four business days after Defendant received notice of the Award. Doc. 26 at 78 (Affid. of L. Susman); Doc. 26 at 145 (Check #121764209). This action was in full compliance

with the terms of the Policy. As such, Plaintiff is estopped from claiming that Defendant breached the Policy's terms. *See Braden*, 2019 WL 201942, at *4 (granting summary judgment on insured's breach of contract claim based on affidavit of insurer's employee and insurer's financial log which reflected the check number, issue date, and plaintiff's address and thereby conclusively established timely payment of the appraisal award). Accordingly, as Plaintiff concedes, Defendant is also entitled to summary judgment on Plaintiff's bad faith claims. *See Chrysler Insurance Co. v. Greenspoint Dodge of Houston, Inc.*, 297 S.W.3d 248, 253-54 (Tex. 2009) (per curiam) (holding that where insurer did not breach the policy, there was no basis for insured's recovery of punitive or extra-contractual damages).

### B. TPPCA Claim

Defendant next argues that it is entitled to summary judgment on Plaintiff's TPPCA claim because it diligently paid the Award, as well as any potential interest it might owe, while also disclaiming liability. Doc. 25 at 16-17. Plaintiff responds that Defendant has not established as a matter of law that it is not liable under the Policy, and a fact issue exists as to whether Defendant violated the TPPCA by delaying payment for more than 60 days after receiving the information it needed to decide the claim. Doc. 30 at 22-24. Plaintiff asserts that, at a minimum, she is entitled to damages in the form of attorneys' fees. Doc. 30 at 23.

Defendant replies that whether it violated the TPPCA is irrelevant because it paid Plaintiff for any damages she could have recovered under the TPPCA, including any interest accrued during the alleged delay in payment. Doc. 33 at 7. Regarding Plaintiff's claim for attorneys' fees, Defendant argues that she is entitled to none because (1) the method by which TPPCA attorneys' fees are calculated results in a zero sum, as Defendant paid all of the policy benefits it owed pursuant to the Award, Doc. 33 at 8-10 (citing TEX. INS. CODE § 542A.007(a)(3)(A)); and (2) attorneys' fees and costs are not "damages," Doc. 33 at 10 (citing TEX. INS. CODE § 542A.007(a)(3)(A)).

The TPPCA, codified in chapter 542 of the Code, imposes procedural requirements and deadlines on insurance companies to promote the prompt payment of claims. *Barbara Tech. Corp. v. State Farm Lloyds*, — S.W.3d —, 2019 WL 2710089, at *3 (Tex. June 28, 2019) (citing TEX. INS. CODE § 542.054). To prevail on a claim for attorneys' fees under the TPPCA, an insured must first establish the insurer's liability under the applicable policy. *Id.* at *4 (collecting cases).

Assuming, *arguendo*, that Plaintiff can make that showing, there are no attorneys' fees to recover. In September 2017, section 542A.007 of the Code took effect. That provision adopted a new method for determining the amount of attorneys' fees that a court may award a claimant under the TPPCA and provides that the award must be the *lesser* of:

> (1) the amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action;
>
> (2) the amount of attorney's fees that may be awarded to the claimant under other applicable law; or
>
> (3) the amount calculated by: (A) dividing *the amount to be awarded in the judgment to the claimant* for the claimant's claim under the insurance policy for damage to or loss of covered property by the amount alleged to be owed on the claim for that damage or loss in a notice given under this chapter . . . .

TEX. INS. CODE § 542A.007(a) (emphasis added).

Because Plaintiff chose to exercise the appraisal clause only after filing this lawsuit and Defendant has satisfied its obligation under the clause, the last provision is the only one that is applicable. It results in the lowest fee award possible — zero dollars — because there is no money judgment in Plaintiff's favor.[3] Defendant is thus entitled to summary judgment on Plaintiff's TPPCA claim.

---

[3] This result is logical when viewed in conjunction with the apparent purpose of the legislation, which was to "curb abusive 'hailstorm' claims." Haynes and Boone LLP, *Texas' New Hailstorm Law: Five Things That Every Corporate Policyholder Should Know About Chapter 542A of the Texas Insurance Code* (June 13, 2017) at https://www.lexology.com/library/detail.aspx?g=1c31279c-c678-456e-b7d4-1e1fa83543e0 (last visited Jan. 7, 2020).

## V. CONCLUSION

For the reasons stated above, Defendant's *Motion for Summary Judgment*, Doc. 24, is **GRANTED**.

**SO ORDERED** on January 17, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE